In re Bobby and Patty Ann GLOVER, Debtors.

Bobby Wayne GLOVER and Patty Ann Glover, his wife, Movants,

v.

The COMMERCIAL NATIONAL BANK OF LITTLE ROCK and R. E. Weaver, Jr., Trustee, Respondents.

Bankruptcy No. LR 81–970.

United States Bankruptcy Court, E. D. Arkansas, W. D.

Jan. 6, 1982.

Charles Darwin Davidson, Little Rock, Ark., for movants.

John Jacobs, Little Rock, Ark., for respondents.

ORDER GRANTING THE RESPONDENT, COMMERCIAL NATIONAL BANK OF LITTLE ROCK, RELIEF FROM THE AUTOMATIC STAY EFFECTIVE AT 12 NOON, JANUARY 7, 1982, UNLESS MOVANTS MEANTIME GRANT THE RESPONDENT "ADEQUATE PROTECTION" WITHIN THE MEANING OF § 361(3) OF THE BANKRUPTCY CODE AND CONVERTING CASE TO CHAPTER 7 OF THE BANKRUPTCY CODE

DENNIS J. STEWART, Bankruptcy Judge.

The controversy which has led up to the entry of this order was placed in motion on November 3, 1981, with the filing by the Commercial National Bank of Little Rock of a "complaint to remove stay" with respect to the property described as:

"Lot 49, Section 'B', Phase 2, Majestic Oaks Subdivision, an Addition to the City of Little Rock, Pulaski County, Arkansas."

In that complaint, it was pointed out by the Commercial National Bank of Little Rock that it had formerly, in former Chapter XIII proceedings, requested relief from the stay on or about June 20, 1976; that the court then dismissed its complaint on October 8, 1976; that it again requested such relief on or about January 28, 1980, and its request was dismissed by the court on January 6, 1981; that, thereafter, on July 15, 1981, the Chapter XIII case was dismissed on motion of the trustee; that, thereafter, on August 20, 1981, the bank filed a new foreclosure action in state court; that, on September 28, 1981, the debtors filed these Chapter 13 proceedings; and that thereupon, on November 3, 1981, the bank filed the complaint for relief from the automatic stay.

After the filing of the debtors' answer to the complaint, the court of bankruptcy, the Honorable Charles W. Baker presiding, held a hearing on the complaint and on an objection to confirmation of the Chapter 13 plan filed by A. L. Tenney, Trustee. The hearing was held on December 14, 1981, and culminated in an oral ruling sustaining the objection to confirmation and granting the debtors ten days in which "to file a motion to convert case to a Chapter 7 proceeding." The court further found "that the issues which were the bases of the complaint of Commercial National Bank are hereby rendered moot." These findings were memorialized in a written order filed by Judge Baker on December 31, 1981.

Within the 10-day period which the debtors were thus permitted to file a motion for conversion to Chapter 7, the debtors filed such a motion, but only requested such relief in the alternative to the court's allowing them "to pay the arrearage immediately and reinstate the loan on the subject property." This motion, by order entered by Judge Baker on December 31, 1981, was set for hearing before the undersigned on January 5, 1982.

On that date, the debtors appeared by Charles Darwin Davidson, Esquire, and the respondent, Commercial National Bank of Little Rock, appeared by John Jacobs, Esquire. Thereupon, counsel for the debtors requested that the court grant the debtors "48 hours" in which to cure all arrearages owed to the bank on the above-described property and thereby to be allowed to retain possession of that property, subject to their making payments in accordance with the terms of their security agreement with the bank. The granting of such a request seems as permissible in Chapter 7 proceedings as it is in Chapter 13 proceedings. Section 362, which is equally applicable in Chapter 7 proceedings as in Chapter 13 proceedings, provides at subsection (d)(1), for termination of the automatic stay for "lack of adequate protection of an interest in property." Therefore, when adequate protection is provided, the automatic stay, it follows, may be kept in effect. And, if the debtors, within a short period of time, cure all arrearages which are owed to the bank and pay all the costs reasonably attributable to the delay in payment and then maintain current payments, that must be regarded as "adequate protection" within the meaning of § 361(3) of the Code in that it "will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property." Therefore, when such "adequate protection" is offered to be given within a reasonable time, as in the case at bar, the court is warranted in keeping the automatic stay in effect for that period of time.

But, counsel for the bank strenuously, vehemently and with heated ardor objects and maintains that the oral findings made by Judge Baker in connection with his order of December 14, 1981, are wholly inconsistent and "diametrically opposed" to such a ruling. As noted above, however, Judge Baker did not purport to rule on the *merits* of the complaint for relief from the automatic stay. Rather, he simply held "that the issues which were the bases of the complaint of the Commercial National Bank are hereby rendered moot," i.e., by the nonconfirmation of the plan, for denial of confirmation meant that, unless the motion to convert were filed within 10 days, the proceedings would be dismissed and the stay

automatically dissolved by operation of law. There was no holding or ruling that, should title 11 proceedings continue, the bank was entitled to relief from the automatic stay and thus, when the debtors moved to convert and requested 48 hours' additional time, the court was forced to rule on this as a new matter, applicable to the situation now created by the filing of the motion to convert and the request for additional time. When there was no purport to rule on the *merits* of the complaint for relief from the stay, the prior judgment cannot be regarded as *res judicata* on the matter now before the court, particularly when this court, in the hearing conducted on January 5, 1982, repeatedly granted counsel the opportunity to point to any evidence which would show that a "diametrically opposed" former ruling was made. At each opportunity, counsel declined to adduce, or point to, any such evidence. "A judgment is not a bar to a subsequent action for the same cause ... '. . . unless it *must* have been directed on the merits. The judgment roll is the primary but not the exclusive guide to determine the question and when it appears therefrom that the judgment might have been rendered on the merits, or upon a ground not involving the merits, the presumption is that it was not upon the merits and the burden is upon the one who claims it is a bar to show by extrinsic evidence consistent with the judgment roll that it was in fact rendered on the merits.'" 1B Moore's Federal Practice ¶ 0.409, pp. 1041, 1042, n.1 (1980) (Emphasis in original). In this case, as noted above, although an express opportunity was several times granted to demonstrate that the prior judgment was on the merits, that burden was not met.

Further, the matter now before the court is plainly not the same as that which was adjudicated by Judge Baker on December 14, 1981. Then, Judge Baker correctly assumed that the complaint for relief from the stay would be rendered moot by the termination of the title 11 proceedings. And, mootness would have ensued if no motion to convert to Chapter 7 had been filed. But when the motion to convert was filed, the automatic stay was reactivated and the matter of whether relief should be granted from it again necessarily presented itself to the court in connection with the matter to convert. These new circumstances made a different cause, on which the ruling of December 14, 1981, could not be *res judicata.*

Finally, even if the matter now before the court is precisely the same as the one adjudicated by Judge Baker on December 14, 1981, (and, for the foregoing reasons, it is not), the court may still alter or amend the prior judgment on a motion filed within 10 days thereof. See Rule 923 of the Rules of Bankruptcy Procedure; Rule 59 F.R. Civ.P. The motion to convert, having been filed within 10 days, may be viewed as a motion to alter or amend the judgment of December 14, 1981, and thus, even if the same cause were involved, this court was warranted in making the ruling it did make because of the changed conditions brought into existence by the motion to convert itself. See § 1307(a) of the Bankruptcy Code.

It is therefore

ORDERED that the Commercial National Bank of Little Rock be, and it is hereby, granted relief from the automatic stay with respect to the above described property effective at 12 noon on January 7, 1982, unless the movants meantime grant the Commercial National Bank "adequate protection" within the meaning of § 361(3) of the Bankruptcy Code. It is further

ORDERED, that these Chapter 13 proceedings be, and they are hereby, converted to Chapter 7 proceedings. See § 1307(a), *supra.*